UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ULYSSES B. CLEMENTS ) | CASE NO.1:94CR00068-CAB |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| UNITED STATES ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

## CHRISTOPHER A. BOYKO, J:

Petitioner Ulysses Clements ("Clements") has filed a Motion Pursuant to Federal Rule of Civil Procedure 60(b)(3) and/or in the in the alternative 28 U.S.C. § 1651. He claims fraud, conspiracy, and subordination of perjury in his 1994 trial for armed bank robbery. Petitioner's Motion is denied because it is untimely.

## FACTS

On March 15, 1994, an indictment charged Clements with four counts of armed bank robbery, one count of conspiracy to commit armed bank robbery, four counts of using a firearm to commit armed bank robbery and one count of carrying a firearm during a conspiracy to commit armed bank robbery. (Counts 1-2, 5-8 and 13-16). On August 10, 1994, Clements was found guilty on all but two of the counts. (R.124: Minutes). On November 29, 1994, Clements was sentenced to sixty-five years plus one hundred thirty-five months, to run consecutively, in prison. (R.210: Judgment and Commitment).

Clements filed a direct appeal and on April 13, 1999, the Sixth Circuit Court of Appeals

issued an Order affirming Clements' conviction. *United States v. Clements*, 181 F.3d 104 (6th Cir.). Clements then filed a petition for writ of *certiorari* which was then denied by the United States Supreme Court on October 4, 1999. *United States v. Clements*, 120 S.Ct. 164 (1999). Since 2000, Clements has filed no fewer than twelve Motions, appeals, or requests, each one of them being rejected by the various district courts and courts of appeals. (*See* Gov't.s Br.).

## LAW AND ANALYSIS

**Clements' Motion Pursuant to Federal Rule of Civil Procedure 60(b)(3) is denied because it was filed more than one year after his judgment became final, and is, therefore, untimely.**

Clements requests release from prison because his conviction was obtained by way of fraud. (Clements Br. at 8). He requests the Court grant relief pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. However, the Motion was filed well over one year after his judgment became final, which makes his motion untimely according to the Rule.

Rule 60(b)(3) allows parties to be relieved from a final judgment for reasons including fraud. However, the Rule explicitly states the motion needs to be made "not more than one year after the judgment...was entered or taken." Clements' petition for writ of *certiorari* to the United States Supreme Court was denied on October 4, 1999. *United States v. Clements*, 120 S. Ct. 164 (1999) (unpublished). This is when his judgment became final. Clements filed the present motion on July 14, 2005, which was more than five years after his judgment became final. Therefore, his Motion Pursuant to Rule 60(b)(3) is untimely.

**Clements' Motion in the alternative 28 U.S.C. § 1651 is denied because *coram nobis* review is not available to currently incarcerated federal prisoners.**

Clements' Motion pursuant to 28 U.S.C. § 1651 is an alternative to Rule 60(b)(3). 28 U.S.C. § 1651 empowers federal courts to issue writs that were traditionally available at common law. This includes the writ of error *coram nobis*. However, *coram nobis* is only

available in very rare cases. All of the applicable authorities have held that *coram nobis* relief is not available to federal prisoners who are currently serving their sentences. *See United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (a prisoner is barred from seeking a writ of *coram nobis* who is currently in custody); *United States v. Garcia*, 181 F.3d 1274 (11th Cir. 1999) (*coram nobis* relief is unavailable to those still in custody). Clements is currently in custody, making *coram nobis* relief unavailable to him.

## CONCLUSION

Clements' Motion, pursuant to Rule 60(b)(3), is time-barred because he filed it well more than a year after his judgment became final. Likewise, he cannot seek relief via a writ of *coram nobis* because he is currently incarcerated. Accordingly, Clements' Motion is denied.

IT IS SO ORDERED.

9/21/06  
Date

CHRISTOPHER A. BOYKO  
United States District Judge