UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ULYSSES BRAXTON, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Petitioner, | ) | CASE NO.1:94CR068-003 |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | <u>ORDER ON MOTION</u> |
| | ) | |
| | ) | |
| Respondent. | ) | |

Braxton filed *a "Motion to Correct Illegal Restitution Order,"* (ECF Doc. No. 460) on January 5, 2009. Braxton claims that *"the district court failed to issue any jurisdictional requisites that would authorize the Bureau of Prisons to withhold any of Braxton' money received, i.e., through Bureau of prisons payment program or other resources."*

Further, Braxton states, *". . . the problem is, according to Braxton's sentencing transcript the district court did not state for the record no where in its proceeding exactly what year Federal Rule Criminal Procedures it was relying upon for it's authority. . . the only thing authorizing restitution payment is the courts statement which states "[The] Court does order that restitution in the amount of $39,941 be made to the banks as reflected in the pre-sentence report."*

Braxton was tried by a jury, found guilty and convicted in 1994 of Armed Bank Robbery, Use of a Firearm During the Commission of a Crime of Violence and Conspiracy to Commit Armed Bank Robbery. The Court has an obligation to order restitution and does so according to 18 U.S.C. § 3556 of the Federal Rules of Criminal

Procedure,

> "The Court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with 3663. The procedures under section 3664 shall apply to all orders of restitution under this section."

The Court, at sentencing, ordered "restitution in the amount of $39,941 be made to the banks as reflected in the *pre-sentence investigation report*."[1]  Rule 32 of the Federal Rules of Criminal Procedure allows written objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report to be submitted within 14 days upon receipt of the presentence report. Braxton did not object to the presentence investigation report in writing.

Braxton's counsel, upon inquiry of the Court as to any objections to the presentence investigation report findings, replied "None here on behalf of the Defendant."[2]  In fact, Braxton's counsel applauded the Probation Officer's report:[3]

> "*Your Honor, I would like to say that the probation officer's report is an excellent one. . .*"

Braxton and his concerns for the accuracy of the record, authorities, and jurisdictional requisites would have been better served had they been presented to the

---

[1] Sentencing transcript at Page 14, Line 10.

[2] Sentencing transcript at Page 6, Line 6.

[3] Sentencing transcript at Page 9, Lines 15, 16

Court at the time of sentencing.[4]

Further, this Court finds that Braxtons' claims are without merit and the "Motion to Correct Illegal Restitution Order" is denied.

IT IS SO ORDERED.

S/Christopher A. Boyko  
Christopher A. Boyko  
U.S. District Court Judge

June 8, 2009

---

[4]Proceedings held before the Honorable Paul R. Matia, U.S. District Court Judge