UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ULYSSES BRAXTON, | ) | CASE NO.   1:94CR68 |
| | ) |                        1:20CV333 |
| Defendant-Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Plaintiff-Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant Ulysses Braxton's Motion to Vacate and Set Aside Judgment of Conviction and Sentence under 28 U.S.C. § 2255. (Doc. 570). For the following reasons, the Court **GRANTS** Defendant's Motion, **VACATES** the Judgement on Count 16 and sets this matter for a **RESENTENCING**.

### I. BACKGROUND FACTS

On August 10, 1994, a Jury convicted Defendant on eight counts stemming from multiple armed robberies and weapons violations. Included in the eight counts of conviction was Count 16, which charged Defendant with using a firearm in relation to Count 15, a conspiracy to commit an armed bank robbery.

On November 29, 1994, the Court sentenced Defendant to a combined sentence of over 76 years in prison. Specifically, the Court sentenced Defendant to 135 months on Counts 1, 5,

13 and 15. It then added a consecutive 65 years as follows: 5 years for Count 2; 20 years for Count 6; 20 years for Count 14; and 20 years for Count 16. The Sixth Circuit affirmed Defendant's conviction and sentence. Defendant also unsuccessfully filed multiple post-conviction motions attacking his conviction and sentence.

In August of 2019, Defendant moved in the Sixth Circuit for a second or successive § 2255 motion. (Doc. 568-1). Defendant argued that his conviction in Count 16 is invalid because his conviction for conspiracy to commit an armed bank robbery (Count 15) no longer constitutes a 'crime of violence' under § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The Court in *Davis* determined that § 924(c)(3)(B) is unconstitutionally vague. Based on this determination, the Sixth Circuit allowed Defendant to file a second § 2255 motion.

Defendant did just that on February 14, 2020. (Doc. 570). The Government responded on March 12, 2020. (Doc. 571). Defendant filed his reply on April 9, 2020. (Doc. 572). The Court then appointed counsel to assist Defendant with his postconviction motions. Counsel supplemented Defendant's § 2255 Motion on August 14, 2020. (Doc. 581).

## II. LAW AND ANALYSIS

**A.** **Standard of Review**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

"Once the judgment is vacated, the district court must proceed to grant one of four remedies 'as may appear appropriate': (1) 'discharge' the prisoner, (2) 'resentence' the prisoner, (3) 'grant a new trial,' or (4) 'correct' the sentence." *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (quoting § 2255(b)). "Section 2255 'gives district judges wide berth in choosing the proper scope of post–2255 proceedings.'" *Id.* at 633 (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997)).

Here, the parties agree that the Court must vacate Count 16 because of *Davis*. The Court agrees and will vacate Count 16. The remaining question is one of proper relief. The Government believes a correction is adequate. Defendant disagrees and argues for a resentencing. For the following reasons, the Court agrees with Defendant.

**B.      Resentencing of Defendant**

The Court will vacate the conviction and judgment on Count 16 and resentence Defendant. District courts have "authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997) (collecting cases holding same). Doing so puts the defendant "back in the same position he would have occupied had he not been convicted under § 924(c) in the first place." *Id.* Accordingly, a resentencing allows a court to reevaluate the aggregate sentence. *Id.* A correction does not involve a reevaluation of the appropriateness of the defendant's original

sentence. *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019). Rather, correction is appropriate when the action is "arithmetical, technical or mechanical." *Id.*

The issue here is that more than 20 years have passed since Defendant's original sentencing before a different Judge. The Court cannot, in good faith, simply rely on the original sentencing rationale and 'mechanically' correct Defendant's sentence. Rather, the Court must "supplement the original explanation," *United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018), by "revisit[ing] the § 3553(a) factors and determin[ing] a new what the sentence should be," *Flack*, 941 F.3d at 241. Much has changed since the Defendant's original sentencing and the Court will take those changes into consideration when resentencing Defendant.

The biggest change that has occurred that may impact Defendant is the First Step Act of 2018. According to Defendant, the provisions in § 403 of the First Step Act apply to Defendant at resentencing. The Government has not had the opportunity to address this issue. And there appears to be significant disputes that surround the issue. *See e.g., United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (en banc) and (Barrett, J., dissenting). Given the importance of the issue to Defendant's resentencing, the Court will afford the parties time to provide supplemental briefing.

### III. CONCLUSION

The Court therefore **GRANTS** Defendant's Motion to Vacate Count 16. For the reasons stated above, the Court elects to resentence Defendant. To assist with resentencing, the Court refers the matter to Probation for an updated Presentence Report in accordance with this Court's Order.

Additionally, the Court **ORDERS** the parties to file Cross-Briefs within 21 days of this Order. The parties shall address the applicability of § 403 of the First Step Act to Defendant's resentencing and any other related issues.

**IT IS SO ORDERED.**

                                            s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: November 18, 2020**