**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ULYSSES BRAXTON, | ) | CASE NO.  1:94CR68 |
| | ) |                  1:20CV333 |
| Defendant-Petitioner, | ) | |
| | ) | SENIOR JUDGE |
| vs. | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Plaintiff-Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

On November 18, 2020, the Court granted Defendant's Motion to Vacate the conviction on Count 16 and set the matter for resentencing. (Doc. 597). However, the issue of whether to apply § 403 of the First Step Act of 2018 remained outstanding. The Court ordered supplemental briefing and the parties complied.

For the following reasons, the Court holds that § 403 of the First Step Act does not apply to Defendant's resentencing.

### I. BACKGROUND FACTS

On August 10, 1994, a Jury convicted Defendant on eight counts stemming from multiple armed robberies and weapons violations. Included in the eight counts of conviction was Count 16, which charged Defendant with using a firearm in relation to Count 15, a conspiracy to commit an armed bank robbery. For these crimes, the Court sentenced Defendant to over 76

years in prison.[1]  The Court imposed this sentence on November 29, 1994.  The Sixth Circuit affirmed Defendant's conviction and sentence.  Defendant also unsuccessfully filed numerous post-conviction motions attacking his conviction and sentence.

On December 21, 2018, the First Step Act was enacted.  Relevant here, § 403 of the Act amended 18 U.S.C. § 924(c)(1)(C).  FIRST STEP ACT OF 2018, PL 115-391, Dec. 21, 2018, 132 Stat. 5194, 5221-22 (hereafter "First Step Act"), § 403(a).  However, this provision has a limited retroactive effect, which is the subject of this Order.  *See id.* at § 403(b).  On January 14, 2019, Defendant moved for relief solely under § 403 (Doc. 562), which the Court denied (Doc. 565).

Six months later, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019).  The Court in *Davis* determined that § 924(c)(3)(B) was unconstitutionally vague.  *Id.* at 2323-24.  Based on *Davis*, the Sixth Circuit allowed Defendant to file a second habeas motion under 28 U.S.C. § 2255, which the Court granted.

As a result, the Court vacated Count 16 and set the matter for resentencing.  But in his briefing on the § 2255 issue, Defendant raised the significant question now before the Court—the applicability of § 403 at resentencing.  In its supplemental brief, the Government argued against the section's application.  (Doc. 601).  In Reply, Defendant argued that § 403 must apply at his resentencing.  (Doc. 602).

## II. LAW & ANALYSIS

Section 403 of the Act reads as follows:

> **SEC. 403. CLARIFICATION OF SECTION 924(C) OF TITLE 18, UNITED STATES CODE**
>
> (a) IN GENERAL – Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i) by striking

---

[1] Defendant's aggregate sentence reflects the following: 135 months on Counts 1, 5, 13 and 15; and 65 consecutive years for the weapon offenses under 18 U.S.C. § 924(c) (5 years for Count 2; 20 years each for Counts 6, 14 and 16).

> "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES – This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*.

First Step Act, § 404(b) (emphasis added).

"[Section] 403 is not ambiguous."[2] *United States v. Henry*, 983 F.3d 214, 225 (6th Cir. 2020). 'Impose' means when a district court "announces" a sentence, *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020), including a resentencing. *see Henry*, 983 F.3d at 223. 'A sentence' refers to "a valid sentence *at the time of the First Step Act's enactment*, not merely a sentence at some point." *Henry*, 983 F.3d at 222 (emphasis added). Thus, the crucial point in time is December 21, 2018, the date of the Act's enactment, since Congress "extended § 403(a) to defendants whose sentences had 'not been imposed as of such date.'" *Id.* at 219 (quoting First Step Act, § 403(b)).

Looking back to that critical date here makes this case clear. As of December 21, 2018, Defendant was a convicted and sentenced federal defendant. His conviction on one count of eight was not unlawful until the Supreme Court's decision in *Davis*, months after the Act's enactment. Accordingly, at the time the Act passed, Defendant was under a 'valid sentence' that the district court 'imposed' on November 29, 1994.

Defendant's reliance on *Henry*, *United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (en banc) and *United States v. Bethany*, 975 F.3d 642 (7th Cir. 2020) is misplaced. A close reading

---

[2] For this reason, Defendant's request to look at the legislative history and consider the rule of lenity is misplaced. *See United States v. Wade*, 266 F.3d 574, 581 (6th Cir. 2001) (defendant's reliance on legislative history was misplaced because "[c]ourts may look to the legislative history of a statute only if the statutory language is unclear"); *United States v. Hayes*, 555 U.S. 415, 429 (2009) (courts apply the rule of lenity "only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute").

of each reflects that the Circuit Courts focused on December 21, 2018, the date of the Act's enactment. The Sixth Circuit in *Henry* determined that "[a]t the time of the First Step Act's enactment, Henry did not have 'a sentence' for purposes of § 403(b)[.]" *Henry*, 983 F.3d at 219. The Seventh Circuit in *Uriarte* focused on the same thing—"[a]t the time of the enactment of the First Step Act, Mr. Uriarte was a convicted, but unsentenced, federal defendant." *Uriarte*, 975 F.3d at 601.[3] The Seventh Circuit reached the same conclusion in *Bethany*. *See United States v. Bethany*, 975 F.3d 642, 650 (7th Cir. 2020) (in interpreting a similar provision of the First Step Act,[4] the Seventh Circuit held that "Mr. Bethany, who did not have a valid sentence and who was awaiting sentencing at the time the First Step Act was enacted, is entitled to benefit from § 401"). The simple fact that Defendant was a sentenced federal defendant at the time of enactment distinguishes *Henry*, *Uriarte* and *Bethany*.[5]

Defendant's reliance on two district court opinions from within the Sixth Circuit—*United States v. Jackson*, 2019 WL 2524786 (N.D. Ohio June 18, 2019) (Gaughan, C.J.) and *United States v. Crowe*, 2019 WL 7906591 (E.D. Mich. Aug. 28, 2019)— is likewise misplaced.[6] First, both cases relied on the district court's opinion in *Uriarte*, which, as explained above, is factually

---

[3] In fact, the Seventh Circuit specifically differentiated a scenario where "a defendant who was under a sentence at the time of enactment, but subsequently had his sentence vacated." *Uriarte*, 975 F.3d at 602, note 3. That is the exact scenario now facing Defendant.

[4] Section 401(c) of the Act says that its amendments to the Controlled Substances Act and the Controlled Substances Import and Export Act "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 401(c).

[5] Defendant also provided *United States v. Bethea*, 2021 U.S. App. LEXIS 1675 (4th Cir. Jan. 21, 2021) as support of his claim that the Act applies at his resentencing. (Doc. 606). Not only is *Bethea* unreported and of little precedential value within the Fourth Circuit, it is factually distinct from Defendant's case. In *Bethea*, the district court vacated Bethea's *entire original sentence* and simply re-imposed the same sentence in order to restart Bethea's appeal rights. *Bethea*, 2021 U.S. App. LEXIS 1675 at *4. Here, the Court vacated only Count 16, not the remaining counts of conviction. While the Court agrees with the dissenting judge in *Bethea*, the Court also believes this factual distinction supports the Court's reasoning in this case.

[6] Moreover, while at most persuasive, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district [or] the same judicial district[.]" *Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011).

distinct. Second, both cases involved unique procedural postures. In *Jackson*, the Sixth Circuit vacated and remanded Defendant's § 924(c) conviction after the Act's enactment. *Jackson*, 2019 WL 2524786 at *1. Applying the "background legal principle[]" for "general remands for re-sentencing", the *Jackson* court "beg[an] anew." *Id.* at 2. In *Crowe*, while in the context of a § 2255 motion, the district court found that counsel's ineffective assistance rendered the original sentence "unreliable, and *thus the entire proceeding unfair.*" *Crowe*, 2019 WL 7906591, at *1 (emphasis added). Here, as discussed more below, the Court vacated only one conviction of eight; the other seven convictions remain lawful. Finally, neither *Jackson* nor *Crowe* had the benefit of the Sixth Circuit's opinion in *Richardson*. This is relevant as the district court in *Crowe* reached the exact opposite conclusion as the Sixth Circuit did in *Richardson* when interpreting § 403. *Compare Richardson*, 948 F.3d at 746-48 (Congress changed—as opposed to clarified—the law with § 403), *with Crowe*, 2019 WL 7906591, at *3 (with § 403, Congress intended "to abrogate *Deal [v. United States*, 508 U.S. 129 (1993)] by statute, not merely change the law" and clarified the interpretation of § 924(c)).

Defendant makes much of the Court's decision to hold a resentencing. According to Defendant, the decision to resentence voids the entire sentence, including the lawful convictions on Counts 1, 2, 5, 6, 13, 14 and 15. But that is not what occurred here. Because of *Davis*, only one conviction—Count 16—is void. And the Court provided the requested remedy and vacated the conviction. The convictions on the remaining counts, however, are lawful. If the Court were to apply the Act to those lawful convictions and sentences, it would retroactively apply § 403 to a sentence imposed before December 21, 2018. The Court's decision to resentence simply allows the Court to reweigh the 18 U.S.C. § 3553(a) factors and decide what impact (if any) this new information has on Defendant's sentence.

The Court understands the practical implications of this decision.  However, as caselaw tells us, any time Congress enacts a new sentencing law, it engages in line drawing that disparately impact certain individuals.  *See, e.g.*, *Henry*, 983 F.3d at 228 ("'disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences' without making these changes fully retroactive" (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012))).  Defendant unfortunately finds himself on the wrong side of the line as Congress has made clear that the benefits of § 403(a) do not apply retroactively to Defendant.

### III. CONCLUSION

The Court is sympathetic to Defendant's situation.  But Congress decided not to make § 403 fully retroactive when it certainly could have.  *See* § 404 (fully retroactive application of the Fair Sentencing Act).  Since Defendant had a valid sentence imposed at the time of the Act's enactment, the Court declines to apply the First Step Act to Defendant's resentencing.

**IT IS SO ORDERED.**

                                                 s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **Senior United States District Judge**

**Dated: February 11, 2021**