# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:94CR68 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| ULYSSES BRAXTON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, SR. J.</u>:**

Before the Court is Defendant Ulysses Braxton's Motion for Sentence Reduction. (Docs. 566, 567 & 586). Because Defendant has not presented an extraordinary and compelling reason to revisit his sentence, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND FACTS

On August 10, 1994, a Jury convicted Defendant on eight counts stemming from multiple armed robberies and weapons violations. For these crimes, the Court sentenced Defendant to over 76 years in prison. Defendant attempted to overturn both his conviction and sentence without success. Recently however, Defendant successfully persuaded the Court to vacate Count 16 of his conviction based on *United States v. Davis*, 139 S.Ct. 2319 (2019). (*See* Doc. 597). Defendant now awaits resentencing.

In addition to his Motion to Vacate, Defendant, *pro se*, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docs. 566, 567 & 573). Under this District's General Order, the Court appointed counsel to supplement Defendant's Motions. (*See* Non-Doc. Order 6/3/2020). Counsel did just that on September 14, 2020. (Doc. 586). The Government opposed the request. (Doc. 589). Counsel for Defendant then supplemented the request multiple times,

(Docs. 591, 599, 600, 605, 607, & 619), as well as Replied to the Government's Opposition, (Doc. 592).

## II. LAW & ANALYSIS

### A. Standard of Review

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release." *Id.* at § 3582(c)(1)(A).

Before requesting a reduction, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). The Government agrees that Defendant exhausted his administrative remedies. (Doc. 589, PageID: 1748).

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release. A district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

However, the Sixth Circuit determined that, when an imprisoned person files his own request for sentence reduction, there is no applicable policy statement. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). That is because the once-applicable policy statement— U.S.S.G. § 1B1.13—was rendered 'inapplicable' by the passage of the First Step Act and the Sentencing Commission's subsequent failure to update the policy statement. *Id.* at

---

[1] There is a second scenario that entitles a defendant to relief based on his age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

- 2 -

1109-11. Therefore, federal courts may forgo consulting the policy statement and define 'extraordinary and compelling reasons' on their own. *Id.* at 1111.

After *Jones* then, district courts must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* at 1101 (citing 18 U.S.C. § 3582(c)(1)(A)). Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not enough. 28 U.S.C. § 994(t). And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision, especially when the original sentencing judge and the compassionate release judge are different persons. *Jones*, 980 F.3d at 1112-13. Importantly however, "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

**B.**     **Extraordinary and Compelling Reasons**

The Court does not find that extraordinary and compelling reasons support Defendant's early release. As a *pro se*, Defendant relied on the changes in law to § 924(c) contained in the First Step Act of 2018 and his mother's health. Counsel reiterated Defendant's reliance on the changes covered by the First Step Act. Counsel provided additional reasons of the COVID-19 pandemic, Defendant's age, medical conditions and finally, his rehabilitation while incarcerated.

The Government does not believe that these reasons—alone or in combination—constitute an extraordinary and compelling reason to revisit Defendant's sentence.

The Court agrees with the Government. Defendant's primary reason to revisit his sentence, like prior arguments made before the Court,[2] is the non-retroactive § 403 of the First Step Act amendment to § 924(c). According to Defendant, if § 403 applied, his sentence would be dramatically reduced. This sentencing disparity then constitutes an extraordinary and compelling reason for a sentence reduction. But recent Sixth Circuit caselaw has foreclosed this argument. In *United States v. Jarvis*,[3] the Sixth Circuit refused to render § 403(b) of the First Step Act "'useless by using § 3582(c)(1)(A)' to thwart Congress's retroactivity choices." 999 F.3d 442, 444 (6th Cir. 2021) (quoting *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021)); *see also United States v. Corona*, --- Fed. App'x ----, 2021 WL 2345769, at *2 (6th Cir. June 8, 2021) ("For a district court to consider a disparity arising from a non-retroactive or partially retroactive sentencing chance, whether by itself or in combination with other factors, as part of its inquiry into extraordinary and compelling reasons would end run around congressional design"). Accordingly, Defendant's sentencing disparity argument—either by itself or in combination with other arguments—is not an extraordinary and compelling reason for a sentence reduction.

Nor are Defendant's medical conditions extraordinary and compelling reasons. Defendant alleges he has hypertension, glaucoma, high cholesterol, pre-diabetes, pain from three back surgeries, anxiety and he is bipolar. But a review of Defendant's medical records, while

---

[2] This Court twice determined § 403's applicability to Defendant's case. In the first, Defendant moved for relief directly under that section, which the Court denied. (Doc. 565). And in the second, Defendant asked the Court to apply § 403 at his resentencing, which, again, the Court declined. (Doc. 608).

[3] The Sixth Circuit decision in *Jarvis* affirmed this Court's decision to deny compassionate release. *See United States v. Jarvis*, 2020 WL 4726455 (N.D. Ohio Aug. 14, 2020). Defendant here and Defendant Jarvis are co-defendants and both pursued relief premised in part on § 403 of the First Step Act.

sparse, confirm that these conditions are under control with medication. Moreover, the Court's rationale with respect to co-defendant Jarvis's hypertension is equally applicable. *See United States v. Jarvis*, 2020 WL 4726455, at *3 (N.D. Ohio Aug. 14, 2020). As for Defendant's other conditions, the Court finds that Defendant has not satisfied his high burden in demonstrating that these qualify as extraordinary and compelling reasons.

The Court's finding remains true even when considering the impact of COVID-19. It should be noted that the state of COVID-19 is much different as of this Order than when Defendant first requested compassionate release. The Bureau of Prisons has learned how to handle the virus to the best of its ability. And this includes providing vaccinations to large swaths of the inmate population. While it is unclear if Defendant here has received the vaccine, the Court notes that over 60% of the inmate population at FCI Greenville has been fully inoculated.[4] This large vaccination rate further reduces Defendant's risks from the virus. Finally, at forty-seven years old, Defendant is relatively young, which further lowers his risk against the virus. Therefore, Defendant's health conditions, age and COVID-19, alone and in combination, are not extraordinary and compelling reasons for a sentence reduction.

Nor is the health of Defendant's mother an extraordinary and compelling reason for a sentence reduction. While the once-applicable Guideline Provision[5] discusses family circumstances, *see* U.S.S.G. § 1B1.13 n.1(C), the Court finds a difference between the incapacitation of a caregiver of defendant's minor children versus the incapacitation of a defendant's parent. Although the desire to assist one's elderly parent is commendable, many

---

[4] Federal Bureau of Prisons, COVID-19 Coronavirus, available at: https://www.bop.gov/coronavirus/ (last visited July 9, 2021).

[5] The Court understands it is not bound by the policy statement. However, the Court does find the policy statement persuasive in finding whether an extraordinary and compelling reason exist, an analytical tool approved by the Sixth Circuit. *See United States v. Tomes*, 990 F.3d 500, 503 n. 1 (6th Cir. 2021).

inmates (if not all) have an elderly parent. Moreover, Defendant here does not mention that he is the only potential caregiver for his mother. Accordingly, the Court does not find this to be an extraordinary and compelling reason for a sentence reduction.

That leaves Defendant's rehabilitation as his last argument for compassionate release. And while his participation in programming and proof of rehabilitation is extensive, Congress has said that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Accordingly, Defendant's rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction.

Many Defendant's arguments in favor of compassionate release—sentencing disparities; his youthful age at the time of the offense; minimal criminal record; amount of time served—are better suited for an analysis under the § 3553(a) factors. *See Jarvis*, 999 F.3d at 445. But since Defendant has not presented an extraordinary and compelling reason for a sentence reduction, the Court declines to reach those factors. *See Elias*, 984 F.3d at 519.

### III. Conclusion

Since Defendant has failed to present an extraordinary and compelling reason for a reduction in his sentence, his Motion for Compassionate Release (Docs. 566, 567 & 586) is **Denied**.

**IT IS SO ORDERED.**

                             s/ Christopher A. Boyko
                             **CHRISTOPHER A. BOYKO**
                             **Senior United States District Judge**

**Dated: July 12, 2021**